IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JAMEL MONROE,

                    Plaintiff,

                                              Civ. Action No.
                                              9:06-CV-0144 (LEK/DEP)

          vs.

DAWN MULLEN,

                              Defendant.

_____

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

JAMEL MONROE, *Pro Se*

FOR DEFENDANTS:

HON. ANDREW M. CUOMO          STEVEN SCHWARTZ, ESQ.
Office of Attorney General    Ass't Attorney General
The Capitol
Albany, New York 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

          This civil rights action was commenced by the plaintiff, a former New

York State prison inmate, on February 2, 2006.  In his complaint, Monroe

alleges that the single named defendant, Dawn Mullen, was deliberately

indifferent to his safety, causing him to fall out of a prison van while

conducting a work assignment, and seeks to recover damages to

compensate for the back injuries suffered as a result of the accident.

On August 15, 2007 I issued a report and recommendation

addressing a motion by the defendant seeking the entry of summary

judgment dismissing plaintiff's complaint.  Dkt. No. 24.  In that report,

discerning the existence of genuinely disputed issues of material fact, I

recommended denial of defendant's motion.  *Id.*  That report and

recommendation was adopted in its entirety by Senior District Judge

Lawrence E. Kahn on September 26, 2007.  Dkt. No. 25.

On October 4, 2007 the court issued a notice advising that a final

pretrial conference would be conducted in the case on October 25, 2007

at 2:00 p.m., by telephone, in order to discuss scheduling of the trial and

other related matters.  Dkt. No. 26.  That notice, which was mailed to the

plaintiff at the address provided by him to the court, directed him to inform

the court and defendants' counsel on or before October 19, 2007 of the

telephone number where he could be reached for purposes of the

conference.  *Id.*

The scheduled October 25, 2007 conference was subsequently

2

cancelled by the court in light of plaintiff's failure to provide a telephone number for use in conducting the conference, as directed.  In a text notice advising of that cancellation the court notified the parties that it had scheduled an in-person final pretrial conference in the case for November 29, 2007 in Albany, New York; a copy of that text notice was sent to the plaintiff by regular mail, again to the address supplied by him to the court. *See* Dkt. Entry dated 10/24/07.

On the date of the scheduled conference defendant's counsel, Steven Schwartz, Esq., appeared in person as directed.  There was no appearance, however, by or on behalf of the plaintiff.  The court's efforts to reach the plaintiff at two separate telephone numbers provided by him to the court on October 29, 2007 (646-283-7016) and (347-592-4525) were unsuccessful.  Since the date of the scheduled in-person conference the court has had no further contact with the plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court.  *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962).  This power to dismiss may be exercised when necessary to

3

achieve orderly and expeditious disposition of cases.  *See Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89; *see also Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)).  Dismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives and to participate in scheduled proceedings, including status conferences.  *See Doyle v. Anderson*, No. 02 Civ 3572, 2004 WL 63484, at *1 (S.D.N.Y. Jan. 13, 2004) (dismissing complaint where plaintiff failed, *inter alia*, to appear for scheduled status conference, to attend deposition, and to respond to discovery requests); *Lindsey v. Loughlin*, 616 F. Supp. 449, 453 (E.D.N.Y. 1985) (McLaughlin, D.J. and Scheindlin, M.J.) (dismissing complaint for, *inter alia*, plaintiff's failure to prosecute action where he last contacted the court with his address change upon release from prison and subsequently failed to appear for status conferences scheduled by the court).  The power of a court to dismiss an action for failure to prosecute is inherent, and may be exercised *sua sponte*.  *Lindsey*, 616 F. Supp. at 453 (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89 ("The authority of a court to

4

dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")).

Based upon the foregoing, finding that such relief is warranted under the circumstances, it is hereby

RECOMMENDED, that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon plaintiff's failure to prosecute and to comply with this court's orders and local rules of practice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk serve a copy of this Order on plaintiff by regular mail and defendant's counsel by electronic means.

Dated:       December 7, 2007
             Syracuse, NY


David E. Peebles
U.S. Magistrate Judge